1
2
3
4
5
6
7

8                    UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    SHANNON O. MURPHY, SR.,                    No.  2:25-cv-0921-DAD-CKD (PS)

12              Plaintiff,

13        v.                                     FINDINGS AND RECOMMENDATIONS

14    EXPERT TREE SERVICE,

15              Defendant.

16

17        Plaintiff Shannon O. Murphy, Sr., initiated this action on March 24, 2025, with a pro se

18   complaint and a motion to proceed in forma pauperis ("IFP"). (ECF Nos. 1, 2.) This matter is

19   referred to the undersigned magistrate judge pursuant to Local Rule 302(c)(21) and 28 U.S.C. §

20   636(b)(1). For the reasons that follow, plaintiff's application to proceed IFP should be denied and

21   the complaint should be dismissed without leave to amend.

22        **I.      IFP**

23        In order to commence a civil action, a plaintiff must either pay the $350.00 filing fee and

24   the $55.00 administrative fee or file an application requesting leave to proceed IFP. See 28 U.S.C.

25   §§ 1914(a), 1915(a). The court may authorize the commencement of an action without

26   prepayment of fees by an individual who submits an affidavit evidencing an inability to pay such

27   fees. 28 U.S.C. § 1915(a). Generally, "[a]n affidavit in support of an IFP application is sufficient

28   where it alleges that the affiant cannot pay the court costs and still afford the necessities of life."

                                               1

1    Escobedo v. Applebees, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing Adkins v. E.I. Du Pont de

2    Nemours & Co., Inc., 335 U.S. 331, 339 (1948)). The affidavit must "state the facts as to affiant's

3    poverty with some particularity, definiteness and certainty." United States v. McQuade, 647 F.2d

4    938, 940 (9th Cir. 1981).

5           Plaintiff's affidavit does not adequately demonstrate he was unable to pay the court costs

6    and still afford the necessities of life when he filed this suit because the application is not

7    complete. Plaintiff's affidavit indicates that during the past 12 months, he received "Business,

8    profession, or other self-employment" in the amount of $126.00 and social security income in the

9    amount of approximately $1,285.00 per month. (ECF No. 2 at 1.) However, plaintiff fails to

10   disclose whether he receives other income from "Rent payments, interests, or dividends,"

11   "Pension, annuity, or life insurance payments," "gifts or inheritances," or "any other sources."

12   (Id.) Because the affidavit is incomplete, it fails to establish plaintiff is entitled to prosecute this

13   case without paying the required fees. Separately, plaintiff's IFP application may be denied

14   because this action is facially frivolous and without merit. See Minetti v. Port of Seattle, 152 F.3d

15   1113, 1115 (9th Cir. 1998) ("'A district court may deny leave to proceed in forma pauperis at the

16   outset if it appears from the face of the proposed complaint that the action is frivolous or without

17   merit.'") (quoting Tripati v. First Nat. Bank & Tr., 821 F.2d 1368, 1370 (9th Cir. 1987)).

18          **II.    Screening Requirement**

19          Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis

20   proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a

21   claim on which relief may be granted," or "seeks monetary relief against a defendant who is

22   immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27

23   (2000) (en banc). In reviewing a complaint under this standard, the court accepts as true the

24   factual allegations contained in the complaint, unless they are clearly baseless or fanciful, and

25   construes those allegations in the light most favorable to the plaintiff. See Von Saher v. Norton

26   Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S.

27   1037 (2011). In addition, the court liberally construes pro se pleadings. See Haines v. Kerner, 404

28   U.S. 519, 520 (1972). A pro se litigant is entitled to notice of the deficiencies in the complaint

2

1   and an opportunity to amend unless the complaint's deficiencies could not be cured by

2   amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (superseded by statute on

3   other grounds).

4       **III.   Plaintiff's Complaint**

5       The complaint states it brings the following claims against defendant Expert Tree Service:

6   (1) negligence; (2) breach of contract; (3) discrimination; (4) harassment; (5) assault; and (6)

7   injury. (ECF No. 1 at 1.) Although the allegations of the complaint are largely unintelligible,

8   plaintiff appears to be alleging he suffered some type of injury several years ago after which he

9   filed an insurance or worker's compensation claim. (Id. at 2.) For example, plaintiff alleges

10  "Defendant's State Compensation Insurance Fund did comply a defined jurisdiction for tort

11  concerns of negligence… [and] did re-administer a 30 year old worker's compensation claim, and

12  then continue breach theirs policy, include fail payment to In Pro Se attorney…." (Id. at 2.)

13  Plaintiff seeks monetary damages. (Id. at 3.)

14      **IV.   Discussion**

15      The complaint does not contain a short and plain statement of a claim as required by

16  Federal Rule of Civil Procedure 8. In order to give fair notice of the claims and the grounds on

17  which they rest, a plaintiff must allege with at least some degree of particularity overt acts by

18  specific defendants which support the claims. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir.

19  1996). Plaintiff's complaint against defendant Expert Tree Service does not contain facts

20  supporting any cognizable legal claim and does not contain any specific allegations addressing

21  the alleged conduct of Expert Tree Service. The allegations are unintelligible and fail to establish

22  any cause of action.

23      Moreover, the court lacks subject matter jurisdiction over the complaint. Federal courts

24  are courts of limited jurisdiction. Kokkonen v. Guardian Life Insurance Co. Of America, 511 U.S.

25  375, 377 (1994). In general, federal courts hear cases that arise in diversity of citizenship or

26  present a federal question. See U.S. CONST. art. III §§ 1–2; 28 U.S.C. §§ 1331-32. The

27  presumption is against jurisdiction and "the burden of establishing the contrary rests upon the

28  party asserting jurisdiction." Vacek v. U.S. Postal Serv., 447 F.3d 1248, 1250 (9th Cir. 2006)

1    (citing Kokkonen, 511 U.S. at 377).

2          Plaintiff's complaint fails to establish the court's subject matter jurisdiction. The

3    complaint states no basis for federal court jurisdiction, and none is apparent. No federal cause of

4    action is asserted, and no federal claims are suggested by the facts, to the extent the facts can be

5    understood. See Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) (under the well-pleaded

6    complaint rule, "federal jurisdiction exists only when a federal question is presented on the face

7    of the plaintiff's properly pleaded complaint"). The complaint also fails to establish diversity

8    jurisdiction. See Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001) ("Section

9    1332 requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a

10   different state than each of the defendants."). Plaintiff indicates on the civil cover sheet that both

11   plaintiff and defendant are citizens of California. (ECF No. 1-1.) Accordingly, plaintiff fails to

12   establish the court's subject matter jurisdiction.

13         The complaint must be dismissed for lack of subject matter jurisdiction. Moreover, the

14   complaint does not contain facts supporting any cognizable legal claim and is clearly without

15   merit. The undersigned notes plaintiff has filed other similar actions in this court which have been

16   dismissed for failure to state a claim and/or for lack of subject matter jurisdiction. See Murphy v.

17   Travelers Ins. Co., No. 2:24-CV-2589-TLN-CSK, 2025 WL 958191, at *3 (E.D. Cal. Mar. 31,

18   2025), report and recommendation adopted, No. 2:24-CV-02589-TLN-CSK, 2025 WL 1151002

19   (E.D. Cal. Apr. 18, 2025) (citing collected cases). Despite plaintiff having notice of the

20   requirement to establish diversity of citizenship or present a federal question, the present

21   complaint still fails to do so. On the same day plaintiff filed this complaint, he initiated another

22   action referencing an injury, worker's compensation claim, and similarly failing to include any

23   allegations specific to the defendant. See Murphy v. Dad's BBQ, 2:25-cv-00836-DJC-CKD.

24         Under the circumstances, it is apparent that granting leave to amend would be futile. Thus,

25   the dismissal should be without leave to amend. See Hartmann v. Cal. Dep't of Corr. & Rehab.,

26   707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when

27   amendment would be futile.").

28   ////

                                                    4

1    In accordance with the above, IT IS HEREBY RECOMMENDED as follows:

2    1.  Plaintiff's motion to proceed in forma pauperis (ECF No. 2) be denied.

3    2.  Plaintiff's complaint be dismissed without leave to amend for failure to state a claim.

4    3.  The Clerk of Court be directed to close this case.

5    These findings and recommendations are submitted to the United States District Judge

6    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after

7    being served with these findings and recommendations, plaintiff may file written objections with

8    the court and serve a copy on all parties. Such a document should be captioned "Objections to

9    Magistrate Judge's Findings and Recommendations." Failure to file objections within the

10   specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d

11   1153 (9th Cir. 1991).

12   Dated:  May 2, 2025

13                                                _____
                                                  CAROLYN K. DELANEY
14                                                UNITED STATES MAGISTRATE JUDGE

15   8, murp25cv0921.scrn.fr

16

17

18

19

20

21

22

23

24

25

26

27

28

5